EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 460-2024-06717 |
| Texas Workforce Commission Civil Rights Division | |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Cedric D. McDuffie
Home Phone:     (281) 659-4640
Year of Birth:     1971
Street Address:     1418 Church Ave
Cleveland, TX 77327

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.
Name: Texas Medical Center Police Department
No. Employees, Members: 501+ Employees
Phone No.:
Street Address:     1151B HOLCOMBE BLVD

Houston, TX 77030

Name:
No. Employees, Members:
Phone No.:
Street Address:

DISCRIMINATION BASED ON:
Race, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06/21/2024
Latest: 06/21/2024

THE PARTICULARS ARE:
I. On September 5, 2023, I was hired by Respondent as a Patrol Officer. I was promoted to a Lead officer at TCH Main Campus February 10, 2024. On April 1, 2024, the Sergeant in charge of the 3rd shift, resigned and I took over his duties. On April 12, 2024, I was voted "Agent of the Quarter" by my peers and given a letter of Commendation by Lt. Pinzon. On April 14, 2024, I was asked to transfer to the Ben Taub Campus because the current Sergeant was being removed. Sergeant Mike Martin, a white officer, violated HIPAA Law and divulged Officer Kim Smiths medical information in an email. I was advised by Officer Kim Smith that Sergeant Martin was removed from being her direct supervisor to avoid litigation. He had also previously violated the Respondents policy by operating a taser while working an extra job at Walmart. Sergeant Mike Martin received no loss of rank, pay, or reprimand, only the removal from Ben Taub Hospital. I was assigned the role of Lead Officer in Charge at Ben Taub on April 18, 2024. I had some regulatory training that I needed to get done, however, my password expired and had to be reset at the Police Station training office while on the phone with IT. On April 26, 2024, I went to the Station to rest my password and Chief John Wolter came into the training room to speak with me. He began to ask me how things were going and quickly pivoted from me to then ask me specifically about the workforce and were there any concerns amongst them. I asked him if he really wanted to know? He cleared the room and said he probably didn't but he asked me to tell him anyway. I was lured into a false sense of security because I told him that I would do whatever I could to help the department, to which he replied I was helping the department a lot. I went on to tell him that the employees recognized that the Officers are 99% Black, and that all the Lieutenants are white. White Officers of whom had 1 year experience in law enforcement were promoted to Lieutenant before a Black Officer who had 10-30 years' experience. They felt it needed to be more diverse. That the only black

EEOC Form 5 (07/24)

person in the chain of command to him is Commander Giddens and she was in essence the "house nigger" next to the master who is you. That the Lt's run the department on fear and intimidation, and they systematically punished officers with threats of changing shifts, relocation, or termination. It was evident in his company meeting with us when he had all the Lt's (overseers) lined up in front of us (ALL WHITE) and he said to us "If anyone breaches the hospital and anyone is caught running away, he would make sure we were prosecuted to the fullest and in essence if we got killed, HE would make sure we had a beautiful funeral. That meeting was eye opening to us all. My meeting with the Chief that day lasted about 30 minutes. He lured me into a false sense of safety and I was made to feel there would be NO REPERCUSSIONS for me being transparent with him. On May 7, 2024, I signed my offer letter for Sergeant at Ben Taub Hospital. On June 13, 2024, I was issued a stay-at-home order initiated by Chief John Wolter and delivered by Commander LaShonda Giddens and Ms. Sonya Gaskill, HR Director. No specific reason was given other than I was not a "GOOD FIT" for the department. The Chief would not speak to me, when he finally answered my call, the only thing he said to me was "you know they have cameras?" to which I said "I know" he said "more cameras than what you think" and I said again, I know. I later learned that I was being investigated for Sexual harassment. That in an attempt to assassinate my character and validate the Chief falsely launching and investigation on me they approached Harris Health Officer Faultry and later tried to coerce TMCPD Officer Amani Douglas to give false statements of sexual harassment against me. To which neither Officer would substantiate their claim. Because Officer Douglas, would not do the statement, she was retaliated against by changing her shift and days off. Officer Amani Douglas is in fear of losing her job, therefore, to date i have not received a written statement from her. I only have the statements from those she told this to. Officer Craig Baxter, Officer Brutavious Johnson and Officer Brandi Cage. To my knowledge, Lt Pinzon was accused of sexual harassment by at least two female officers. One of which is Brandi Cage, of whom was terminated as well. Lt. Pinzon was never disciplined or terminated. After my termination, the Respondent further attempted to retaliate against me by preventing me from gaining another assignment. They informed my prospective employer that I was under investigation during my employment at TMCPD. They provided an incomplete file with no information regarding said investigation, its findings, or conclusion. In further attempts to block me from being employed they refused to send the prospective employer any further information as was requested and is evident in the letter provided by my new employer. Per Texas Govt Code Sec 614.023 and Dept Rule 1007.5.1 I should have been furnished as well with a signed complaint within a reasonable amount of time after said complaint is filed along with witness statements as well as an Investigation Conclusion letter with its findings whether, sustained or abstained.

II. I believe I have been discriminated against due to my race (Black), gender (male), and in retaliation for notifying Chief Wolter in early June 2024 that the Black employees felt mistreated and discriminated against at work. I shared that the employees felt they were being treated as slaves working in the plantation. This was all in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Mr. Cedric D. McDuffie
10/10/2024

Charging Party Signature & Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant
Subscribed and sworn to before me this date: _____

CP Enclosure with EEOC Form 5 (06/24)

## PRIVACY ACT STATEMENT

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (06/24).
2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/29/2025

To: Mr. Cedric D. McDuffie
1418 Church Ave
Cleveland, TX 77327
Charge No: 460-2024-06717

EEOC Representative and email:   SAMANTHA SALAZAR
INVESTIGATOR
SAMANTHA.SALAZAR@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2024-06717.

On behalf of the Commission,

Digitally Signed By: Rayford O. Irvin
07/29/2025
Rayford O. Irvin
District Director

cc:   Chad Etheridge, Attorney at Law
Law Offices of Etheridge & Bacon
1919 Trinity St.
Liberty, TX 77575

Stephen Quezada, Attorney at Law
Ogletree Deakins
500 Dallas Street, Suite 2100
Houston, TX 77002

Please retain this Notice for your records.